## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEROME BARBER,

      Petitioner,                           CASE NO. 2:15-CV-10438
                                                  HONORABLE SEAN F. COX
v.                                         UNITED STATES DISTRICT JUDGE

SHERRY BURT,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jerome Barber, ("Petitioner"), incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for first-degree criminal sexual conduct (CSC I)(sexual penetration under circumstances involving the commission of any other felony), Mich. Comp. Laws § 750.520b(1)(c), kidnapping (restraint with the intent to engage in CSC), Mich. Comp. Laws § 750.349, and larceny from a person, Mich. Comp. Laws § 750.357. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28

U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On July 31, 2010, the 16–year–old victim walked to a gas station that was located four blocks away from her home. While she was at the gas station, the victim encountered defendant, a man she did not know. The victim testified that defendant approached her and asked her several times to go home with him. The victim ignored defendant's advances and began walking home. Defendant followed the victim and continued to ask her to come home with him. Although the victim told defendant that she was too young for him, defendant informed her that she was young but "ready." When the victim was two blocks away from her home, defendant "grabbed" her by the left arm and "forced" her into an alley. The victim testified that she tried to get away once they reached the alley, but defendant impeded her attempts by holding her by the neck for two minutes. Defendant told the crying victim to be quiet, put his hand over her mouth, undressed her, and penetrated her vagina with his penis. During the assault, the victim dropped her cigarettes and cellular telephone onto the ground. Defendant took the items after the assault. When the victim returned home, her sister-in-law witnessed her collapse to the ground, curl up into a ball, and cry.

*People v. Barber*, No. 311238, 2013 WL 6244694, at *1 (Mich. Ct. App. Dec. 3, 2013).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 495 Mich. 996, 845

N.W.2d 505 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Trial court violated petitioner's due process rights admitting prejudicial evidence which the prosecution improperly elicited on cross-examination; and denial of a mistrial.

II. Court violated petitioner's due process rights by permitting prosecution to impeach petitioner with a prior conviction.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

Petitioner alleges in Claims 1 and 2 that he was denied due process when the trial court allowed prejudicial evidence to be admitted during cross-examination and allowed the prosecutor to impeach petitioner with a prior conviction.  Because Petitioner's claims are interrelated, the Court will discuss the claims together.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) or any other provision of state law by admitting evidence of his prior CSC-IV conviction is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against

4

the petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *see also Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish Petitioner's propensity to commit criminal acts, the Michigan Court of Appeals' rejection of the petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

To the extent that Petitioner contends that evidence of the prior CSC-IV conviction should have been excluded under M.R.E. 403 for being more prejudicial than probative, he would not be entitled to habeas relief. Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea,* 257 F.3d 498, 503 (6th Cir. 2001).

The Michigan Court of Appeals found evidence of the prior CSC-IV conviction admissible because Petitioner was informed by the trial court prior to testifying that the

conviction would be admissible if he "opened the door" during his testimony.  On cross-examination Petitioner reiterated that he did not force the victim to have intercourse.  The prosecutor the asked Petitioner "you would never touch a woman against her will, would you?"  Petitioner responded "no."  As a result of Petitioner's response, the prosecutor asked Petitioner if he pled guilty to CSC-IV.  Petitioner acknowledged he had pled guilty to CSC-IV and the trial court admitted the prior conviction into evidence.  The trial court instructed the jury that Petitioner's admission was to be used only for the limited purpose of rebutting his on-the-stand assertion.  The prior conviction was not used to impeach Petitioner's credibility in general.  *Barber,* No. 311238, 2013 WL 6244694 at 2-3.

Furthermore, the trial court instructed the jury that admission of the CSC-IV conviction was to be used for the specific purpose of rebutting Petitioner's assertion that he would not touch a woman against her will. *Barber* at 3.

A jury must be presumed to have followed a trial court's instructions. *See Weeks v. Angelone,* 528 U.S. 225, 234 (2000).  The fact that the trial court gave a prompt, curative instruction weighs against a finding that the prosecutor's isolated question concerning Petitioner's prior CSC-IV conviction rendered the trial fundamentally unfair. *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1356 (6th Cir. 1993)(habeas petitioner not entitled to habeas relief based on the prosecutor's isolated mention of petitioner's prior conviction for possession of marijuana, where the trial court gave the jurors "a strong, prompt; curative instruction").

As a result of the trial court's instruction to limit use of the prior conviction to

6

rebutting Petitioner's assertion, the Michigan Court of Appeals found that the probative value of admitting the evidence was not substantially outweighed by its prejudicial effect. *Barber* at 3. Because the state court's determination that evidence of the prior CSC-IV conviction was more probative than prejudicial was reasonable, Petitioner is not be entitled to habeas relief on his first claim. *Clark,* 257 F. 3d at 503.

Petitioner's second claim alleges that the trial court abused its discretion by allowing his prior receiving and concealing a stolen motor vehicle conviction into evidence for impeachment purposes.

Petitioner's challenge to the state trial court's decision to allow the prosecutor to use his prior conviction for impeachment purposes is not cognizable on habeas review, because it does not present a constitutional issue. *See Peoples v. Fulcomer,* 731 F. Supp. 1242, 1244 (E.D. Pa. 1990).

Furthermore, the Michigan Court of Appeals found that the crime of receiving and concealing a stolen motor vehicle contains an element of theft, and that prior convictions involving theft are moderately probative of trustworthiness. The fact that Petitioner's prior conviction was three years old increased the probative value and its dissimilarity to two of petitioner's three charged offenses lessened the prejudicial effect. The Michigan Court of Appeals concluded that the prejudicial effect of admission of the prior theft conviction did not outweigh its probative value.

This Court concludes that the prosecutor's impeachment of Petitioner with evidence of his theft conviction did not render the trial so unfair as to warrant federal habeas relief.

7

Petitioner's claims pertaining to admission of his prior convictions into evidence is meritless; the trial court did not err in denying a mistrial. *See Shacks v. Tessmer,* 9 Fed. App'x. 344, 353 (6th Cir. 2001). Petitioner is not entitled to habeas relief.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be denied leave to appeal *in*

*forma pauperis*.


Dated:  February 22, 2016                        S/ Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge


I hereby certify that on February 22, 2016, the foregoing document was served on
counsel of record via electronic means and upon Jerome Barber via First Class mail at
the address below:

Jerome Barber 502912
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442

                                                 S/ J. McCoy
                                                 Case Manager